## THIRD DEPARTMENT, NOVEMBER, 1976

### (November 1, 1976.)

■ In the Matter of SYLVIA F. ELSNER et al., Appellants, v VIOLA BOOTHROYD et al., Constituting the Board of Elections of Tompkins County, Respondents.—Appeal from so much of a judgment of the Supreme Court at a Trial Term, entered October 27, 1976 in Tompkins County, as denied appellants' application, in a proceeding pursuant to section 331 of the Election Law, to compel the respondent to receive and process their applications for voter registration and enrollment for the purpose of qualifying each of them to vote in the November 2, 1976 general election. We find that each of the appellants has demonstrated that he made a deligent attempt to register locally to vote and that, under the facts and circumstances of this case, was precluded from doing so by reason of the failure of respondent board to provide adequate local registration facilities (Election Law, § 354, subd 2; US Code, tit 42, § 1973aa-1, subd [d]; *Bishop v Lomenzo,* 350 F Supp 576). Judgment modified, on the law and the facts, by directing respondent board to make arrangements to receive and process not later than 9:00 P.M. on November 2, 1976 at the appropriate polling place the application of each of the appellants for voter registration, and, as so modified, affirmed, without costs. Koreman, P. J., Mahoney and Herlihy, JJ., concur; Sweeney and Larkin, JJ., dissent and vote to affirm in the following memorandum by Larkin, J. Larkin, J. (dissenting). We respectfully dissent. Central voter registration is available to any qualified person from December 4, 1975 through September 3, 1976. Any day during that nine-month period petitioners could have registered. In addition, petitioners could have registered by mail through October 4, 1976 (Election Law, § 153). October 2 and October 5, 1976 were personal registration days. In spite of these adequate provisions for registration, the majority determines that the petitioners were precluded from registering by the failure of the respondent board to provide adequate registration facilities. The majority further finds that the petitioners demonstrated that they made a diligent attempt to register locally to vote. The trial court found that 46% of the affiants gave no excuse other than "I didn't have the time" or "My time is too valuable". We do not find that such assertions constitute diligent attempts to register as found by the majority. In support of their decision the majority cite *Bishop v Lomenzo* (350 F Supp 576). We would note that this court is not bound by the decision in the *Bishop* case that section 355 of the Election Law is unconstitutional. Such a constitutional issue is not raised herein nor has the Attorney-General been made a party to this proceeding.